IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AUGUST PITTIUS**, <br><br> Plaintiff, <br><br> vs. <br><br> **COUNTRY CLUB SERVICES, INC., and JOSEPH HUGHES, individually.** <br><br> Defendants. | **COLLECTIVE ACTION COMPLAINT** <br><br> Jury Trial Demanded |

Plaintiff AUGUST PITTIUS ("Pittius" or "Plaintiff") on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants COUNTRY CLUB SERVICES, INC., ("Country Club") and JOSEPH HUGHES, individually ("Hughes"), (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated – non-exempt valet parkers– who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiffs' NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt valet parking duties for the Defendants in New Jersey and based from two of Defendants' business locations in Asbury Park, as well as Eatontown, Monmouth County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Defendant Country Club, is an enterprise engaged in interstate commerce or in the production and repair of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).  More specifically, Defendants' own, operate, and/or manage a valet parking business, which performed work throughout New Jersey and throughout the tri state area. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and product which have moved through interstate channels so as to produce an end product for Defendants' consumers. Thus Plaintiff and those similarly situated employees fall within the protections of the Act.

# PARTIES

**Plaintiff**

8.  Plaintiff Pittius is an adult individual who is a resident of Port Monmouth, Monmouth County, New Jersey.

9.  Plaintiff Pittius was employed by Defendants as a full time valet parker.

10. Plaintiff worked for Defendants from in or about February, 2016, through in or about August 2016.

**Corporate Defendant**

11. Upon information and belief, the Defendants own and/or maintain a valet parking company that performs work throughout the State of New Jersey.

12. Upon information and belief, the Defendant Country Club, is headquartered in Millburn, Essex County, New Jersey.

13. Upon information and belief, at all times relevant to this Complaint, the Defendant Country Club, employs individuals to perform labor services on behalf of the Defendants. Upon information and belief, at all times relevant to this Complaint, the Defendant Country Club's annual gross volume of sales made or business done was not less than $500,000.00.

14. At all times relevant to this Complaint, the Defendant Country Club was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

**Individual Defendant**

15. Upon information and belief, Defendant Joseph Hughes is a New Jersey state resident.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant Hughes has been an owner, partner, officer and/or manager of the Defendant Country Club.

17. Upon information and belief, at all times relevant to this Complaint, individual Defendant Hughes has had power over personnel decisions at the Defendant Country Club business, including the management of day to day operations, control over employee pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## **FACTS**

18. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff, and those similarly situated employees, for all minimum wage and overtime hours worked in a work week.

19. Plaintiff Pittius was paid an hourly rate of $5.00.

20. Plaintiff Pittius was also supposed to be paid monies owed to him from a tip pool.

21. Plaintiff Pittius' manager, Manny, improperly did not pay Plaintiff Pittius his fair share of the tips that he was entitled to from the tip pool.

22. Plaintiff Pittius' weekly hours varied from week to week from as few as thirty (30) hours per week, to as many as fifty (50) hours per week.

23. Plaintiff Pittius routinely worked from three (3) days to seven (7) days per week.

24. Often times, Plaintiff Pittius was not paid the minimum wage for all hours in a work week.

25. Further, Plaintiff Pittius was not paid at time and one half for his hours over forty (40) in a work week.

26. Upon information and belief, employees similarly situated to Plaintiff were also not

compensated for minimum wage and overtime wages for all hours worked in a workweek.

27. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

28. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

29. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

30. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff, are in the possession and custody of Defendants.

31. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

32. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for the minimum wage as well as all of the hours worked in excess of forty (40) within a work week.

33. The additional persons who may become Plaintiffs in this action are Defendants non-exempt employees who were not paid the minimum wage and have worked overtime hours in one or more work periods, on or after July 6, 2013, and were not properly compensated for hours worked in excess of forty (40) within a work week.

34. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him

individually and incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

35. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 34 above.

36. Plaintiff is entitled to be paid additional compensation for each of his overtime hours worked per week.

37.  All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

38. Defendants knowingly and willfully failed to pay Plaintiff and the other similarly situated to them at time and one half of their regular rate of pay for their overtime hours worked in a work period.

39. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

40.  As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

41. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 40 above.

42. Defendants' aforementioned conduct is in violation of the NJWHL.

43. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

### COUNT III
### RECOVERY OF MINIMUM WAGE COMPENSATION
### PURUSANT TO THE FLSA

44. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 43 above.

45. Plaintiff is entitled to be paid additional compensation for each of his hours he worked for the minimum wage for hours worked per work week.

46. All similarly situated employees of the Defendants are also owed their minimum wages for each and every hour they worked and were not properly paid.

47. Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated to them, the minimum wage for their hours worked in a work week.

48. By reason of the said intentional, willful, and unlawful acts of the Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

49. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

### COUNT II
### RECOVERY OF OVERTIME COMPENSATION
### PURSUANT TO THE NJWHL

41. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 49 above.

42. Defendants' aforementioned conduct is in violation of the NJWHL.

43. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

50. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiffs AUGUST PITTIUS, and those similarly situated to him, who have or will become part of this collective action, demand judgment, against Defendants COUNTRY CLUB SERVICES, INC., and JOSEPH HUGHES, individually, for the payment of minimum wage compensation for all hours due them and overtime hours due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: July 6, 2017					Respectfully submitted,

 /s/ Andrew I. Glenn
Andrew I. Glenn
Email: AGlenn@JaffeGlenn.com
New Jersey Bar No.: 026491992
Jodi J. Jaffe, Esquire
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*